**TYSON & MENDES LLP**
GRIFFITH H. HAYES
Nevada Bar No. 7374
NICHOLAS F. PSYK
Nevada Bar No. 15983
Email(s): ghayes@tysonmendes.com
npsyk@tysonmendes.com
2835 St. Rose Pkwy., Suite 140
Henderson, NV 89052
Telephone: (702) 724-2648
Facsimile: (702) 410-7684
*Attorneys for Defendant Walmart, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ROSEMARY FLORES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WALMART, INC., a foreign corporation; YET IDENTIFIED EMPLOYEE; DOES I through X and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | CASE NO.: 2:24-cv-01493-JAD-NJK<br><br>**ORDER TO PERMIT DEPOSITION OF AARON FILLER, M.D.**<br><br>**(Third Request)** |

IT IS HEREBY STIPULATED AND AGREED, between the parties and their attorneys of record, that the deposition of Aaron Filler, M.D., be permitted to proceed on July 3, 2025, pursuant to FRCP 29 and Local Rule 26-1(b). This is the parties' third request to permit Dr. Filler's deposition. The Court previously permitted Dr. Filler's deposition to proceed on June 17, 2025. However, as discussed in further detail below, the parties were informed by Dr. Filler's office the day prior to the deposition that Dr. Filler had been subpoenaed to appear for trial and would be unable to attend the deposition, resulting in the necessity of the instant request.

**I.
DISCOVERY COMPLETED TO DATE**

1. The parties have conducted the FRCP 26.1 Early Case Conference.

2. Defendant produced its Lists of Witnesses and Documents, pursuant to FRCP 26(a)

1

on September 9, 2024.

3. Plaintiff produced her Lists of Witnesses and Documents, pursuant to FRCP 26(a) on August 27, 2024.

4. Plaintiff produced her Amended Lists of Witnesses and Documents, pursuant to FRCP 26(a) on September 3, 2024.

5. Defendant served a Notice of Intent to Serve Rule 45 Subpoenas to the Custodians of Records of Plaintiff's identified medical providers on September 9, 2024.

6. Defendant propounded its First Set of Interrogatories (30 Interrogatories), Requests for Production of Documents (27 Requests), and Requests for Admissions (31 Requests) to Plaintiff on October 9, 2024.

7. Plaintiff served her responses to Defendant's First Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions on November 21, 2024.

8. Plaintiff's propounded First Set of Request for Admission and Requests for Production of Documents to Defendant on September 11, 2024.

9. Defendant served its responses to Plaintiff's First Set of Request for Admission and Requests for Production of Documents discovery on November 1, 2024.

10. Plaintiff served her First Supplemental Disclosure on September 24, 2024.

11. Defendant served its First Supplement to its FRCP 26(a) Disclosures on November 1, 2024.

12. Defendant served its Second Supplement to its FRCP 26(a) Disclosures on November 21, 2024.

13. Defendant served its Third Supplement to its FRCP 26(a) Disclosures on January 24, 2025.

14. Plaintiff's propounded Second Set of Requests for Production of Documents February 19, 2025.

15. Defendant served its Supplemental Responses to Interrogatories on March 3, 2025.

16. Plaintiff served her Second Supplemental Disclosure on March 19, 2025.

17. Defendant served its Supplemental Responses to Requests for Production of

Documents on March 24, 2205.

18. Plaintiff served her Designation of Initial Expert Witnesses on March 31, 2025.

19. Plaintiff's propounded Third Set of Requests for Production of Documents on March 31, 2025.

20. Plaintiff served her Third Supplemental Disclosure on March 31, 2025.

21. Plaintiff served her Amended Initial Disclosure of Experts of March 31, 2025.

22. Plaintiff served her Fourth Supplemental Disclosure on March 31, 2025.

23. Defendant served its Designation of Expert Witnesses on March 31, 2025.

24. Plaintiff served her First Supplemental to Designation of Initial Expert Witnesses on April 9, 2025.

25. Plaintiff served her Fifth Supplemental Disclosure on April 9, 2025.

26. Plaintiff served her Second Supplemental to Designation of Initial Expert Witnesses on April 15, 2025.

27. Plaintiff served her Sixth Supplemental Disclosure on April 15, 2025.

28. Plaintiff served her Seventh Supplemental Disclosure on April 21, 2025.

29. Defendant served its Responses to Second Set of Requests for Production of Documents on April 23, 2025.

30. Defendant served its Fourth Supplement to FRCP 26(a) Disclosures on April 23, 2025.

31. Plaintiff served her Eighth Supplemental Disclosure on April 24, 2025.

32. Defendant served its Rebuttal Expert Disclosure on May 2, 2025.

33. Plaintiff served her Ninth Supplemental Disclosure May 13, 2025.

34. Plaintiff served her Third Supplemental to Designation of Initial Expert Witnesses on May 28, 2025.

35. Plaintiff served her Fourth Supplemental to Designation of Initial Expert Witnesses on May 30, 2025.

36. Plaintiff's Rule 35 Examination conducted by defense expert Dr. Ginsburg on February 18, 2025.

37. Deposition of third-party witness Ramona Martinez conducted February 27, 2025.

38. Deposition of Defendant 30(b)(6) witnesses conducted March 3, 2025, April 24, 2025, and May 13, 2025.

39. Deposition of Walmart employee Rita Herrera conducted March 3, 2025.

40. Plaintiff's deposition conducted March 12, 2025.

41. Deposition of third-party witness David Flippo conducted April 15, 2025.

42. Deposition of Walmart employee Jessica Ornellas conducted April 18, 2025.

43. Deposition of Plaintiff's expert Tracy Travis conducted April 29, 2025.

44. Deposition of Plaintiff's expert Dr. Allan P. Long, conducted April 24, 2025.

45. Deposition of Plaintiff's expert Dr. William Muir conducted May 5, 2025.

46. Deposition of Plaintiff's expert Dr. John Baker, conducted June 12, 2025.

## II.
## DISCOVERY THAT REMAINS TO BE COMPLETED

1. Deposition of Dr. Chopra set for June 26, 2025, per the Court's prior approval.

2. Deposition of Dr. Filler tentatively set for July 3, 2025, pending Court approval.

## III.
## REASONS THE PARTIES REQUEST TO EXTEND THE DISCOVERY DEADLINES

**A.   Good Cause**

LR 26-3 governs modifications or extension of the Discovery Plan and Scheduling Order. Any stipulation or motion to extend or modify that Discovery Plan and Scheduling Order must be made no later than twenty-one (21) days before the expiration of the subject deadline and must comply fully with LR 26-3. If the stipulation is made less than twenty-one (21) days before the expiration of a deadline, the parties must show a good cause exist. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect.

A request to extend unexpired deadlines in the scheduling order must be premised on a

showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

The parties submit the instant Stipulation to permit rescheduling Dr. Filler's deposition from the prior approved date of June 17, 2025, to July 3, 2025. The parties reiterate they are not seeking an extension of discovery for this case generally, which the parties acknowledge closed on May 30, 2025. The parties further agree and submit that the depositions of Dr. Filler could not have proceeded on the previously permitted date despite the exercise of diligence. Specifically, the day before the deposition was to proceed on June 17, 2025, counsel for the parties were informed that Dr. Filler had been subpoenaed to appear for trial, and would be unable to appear for the deposition. Following this notice, the parties diligently cooperated to determine the earliest date amenable to all parties to re-schedule Dr. Filler's deposition. As such, the parties bring the instant request to permit taking Dr. Filler's deposition on July 3, 2025.

B. **Excusable Neglect**

When a request for relief from case management deadlines is made after the deadline has expired, an additional showing of excusable neglect must be made. *Branch Banking & Trust Co. v. DMSI, LLC*, 871 F.3d 751, 764-65 (9th Cir. 2017); see also Local Rule 26-3. The excusable neglect "determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Factors courts may consider when evaluating excusable neglect include (1) the danger of prejudice to the non-moving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay and, (4) whether the movant acted in good faith. *Id*. The movant bears the burden of establishing sufficient justification for modification of the case management deadlines. *See Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D 632, 638 (D. Nev. 2021) (citing *Singer v. Las Vegas Athl. Clubs*, 376 F. Supp. 3d 1062, 1077 (D. Nev. 2019)); *see also Branch Banking*, 871 F.3d at 765 (affirming denial of request to modify case management deadlines because the movants had not established good cause or excusable neglect). Magistrate judges have broad discretion to manage the discovery process "in the interests of dispatch and

fairness." *V5 Techs. v. Switch, Ltd.*, 332 F.R.D. 356, 361 (D. Nev. 2019); *see also Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

Addressing the first factor, the parties are jointly requesting the instant extension. As such, the parties submit that there is no danger of prejudice to either party if the requested extension is granted.

Addressing the second factor, the parties acknowledge the Court has broad discretion to manage the discovery process in the interest of dispatch and fairness. Regarding the requested extension, the parties note that discovery has only recently closed, and a trial date has not yet been set for this matter that would need to be continued. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000) (noting discovery had only recently closed and there was no evidence trial would have been postponed for an inordinate amount of time when finding excusable neglect for an untimely opposition to a motion for summary judgment). As such, although the parties acknowledge the Court is in the best position to manage its schedule, the parties respectfully submit that the requested extension will not result in significant delay or substantial impact on judicial proceedings.

Addressing the third factor, the parties refer to the Court to the above discussion of good cause for the circumstances resulting in the instant request. The parties further submit they diligently cooperated to submit this request as soon as an amenable date for re-scheduling Dr. Filler's deposition had been confirmed. *See Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (reversing denial of Rule 60(b) motion where delay was caused by paralegal miscalculating a filing deadline); *Bateman*, 231 F.3d at 1223 (finding a Rule 60(b) motion should have been granted where delay caused by attorney needing to recover from jet lag and catch up on his mail for two weeks).

Addressing the fourth factor, the parties submit that the parties have acted in good faith in their efforts to complete discovery for this case. Although the parties acknowledge the instant request is submitted after the discovery cutoff, the parties submit this delay is not due to the bad faith of any party, or any intent to unnecessarily delay these proceedings. *See Bateman*, 231 F.3d at 1225 (finding excusable neglect despite a weak reason for delay due to lack of deviousness or willfulness).

6

The parties therefore respectfully submit that excusable neglect is present in the instant circumstance that resulted in the instant stipulation being submitted after the discovery cutoff. Based on the good cause and excusable neglect outlined above, both Plaintiff and Defense counsel are requesting permission to take Dr. Filler's deposition on July 3, 2025.

**IT IS SO STIPULATED.**

DATED this 17th day of June, 2025                    DATED this 17th day of June, 2025

**TYSON & MENDES LLP**                               **THE GALLIHER LAW FIRM**


_/s/ Griffith H. Hayes_                              _/s/ Keith E. Galliher_
GRIFFITH H. HAYES                                    KEITH E. GALLIHER, JR.
Nevada Bar No. 7374                                  Nevada Bar No. 220
NICHOLAS F. PSYK                                     GEORGE J. KUNZ
Nevada Bar No. 15983                                 Nevada Bar No. 12245
2835 St. Rose Parkway, Suite 140                     1850 East Sahara Avenue, Suite 107
Henderson, Nevada 89052                              Las Vegas, Nevada 89104
*Attorneys for Defendant Walmart, Inc.*              *Attorneys for Plaintiff Rosemary Flores*


**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

DATED this  June 18, 2025